IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL RAMOS-NEGRON

Petitioner

vs                                          CIVIL 09-1349CCC

UNITED STATES OF AMERICA

Respondent

**OPINION AND ORDER**

Before the Court is the Motion under 28 U.S.C. Section 2255 filed by Petitioner Angel Ramos-Negrón (hereinafter Petitioner or Ramos-Negrón) (**docket entry 2**). Petitioner, a prisoner appearing pro se, also filed a Supplemental Motion (docket entry 12). As required by the Court (docket entry 17), the United States filed a Response to the Motion (docket entry 19). For the reasons discussed below, the Court finds that the Motion must be DENIED.

I. BACKGROUND

Petitioner Ramos-Negrón entered into a Rule 11(c)(1)(A) and (B) plea agreement, in which he agreed to plead guilty to Count One of the indictment rendered by a grand jury on December 1, 2005 (docket entry 210 in Cr. No. 05-0418(CCC)). Count One charged Petitioner with knowingly and intentionally engaging in a conspiracy to distribute in excess of one (1) kilogram of heroin, five (5) kilograms of cocaine, more than fifty (50) grams of cocaine base, and more than one hundred (100) kilograms of marihuana in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846. (docket entry 2 in Cr. No. 05-0418(CCC)).

Under the plea agreement, Petitioner accepted to be held accountable for at least five (5) but less than fifteen (15) kilograms of cocaine which carries a mandatory minimum term of imprisonment of ten (10) years and a maximum term of life (docket entry 210 in Cr. No. 05-0418(CCC), at pages 1-2). In calculating the guideline range, the plea agreement set the base-offense level at thirty-two (32) (docket entry 210 in Cr. No. 05-0418(CCC), at page 4).

CIVIL 10-1909CCC                                      2

The parties agreed to two (2) separate adjustments. Due to his role as a leader of a criminal organization, Petitioner's base-offense level was increased by two levels pursuant to U.S.S.G. §3B1(c). The parties also agreed that the base-offense level should be reduced three (3) levels due to Petitioner's timely acceptance of responsibility in accordance with U.S.S.G. §3E1.1. Based on the foregoing, the parties contemplated an adjusted base-offense level of thirty-one (31) (docket entry 210 in Cr. No. 05-0418(CCC), at page 5).

The parties estimated that with a total offense level of thirty-one (31) and a criminal history category of I, the resulting guideline sentencing range would be one hundred eight to one hundred thirty five (108-135) months. Therefore, the government agreed to recommend a sentence of one hundred twenty (120) months (docket entry 210 in Cr. No. 05-0418(CCC), at page 5). The parties also agreed that no other guideline provisions, adjustments or departures were warranted or applicable. Petitioner accepted to waive his right to appeal any sentence imposed pursuant to the plea agreement (docket entry 210 in Cr. No. 05-0418(CCC), at page 5).

The Pre-Sentence-Report (PSR) reflected that Petitioner has two prior criminal convictions for possession of controlled substances with the intent to distribute, which accrued him eight (8) criminal history points resulting in a criminal history category of IV (PSR pp. 5-6). Therefore, in the PSR Petitioner's sentencing computation yielded a total adjusted offense level of thirty-one (31) and a criminal history category of IV which led to a guideline imprisonment range of one hundred fifty one to one hundred eighty eight (151-188) months.

Given the Guideline Sentencing Range that resulted from the unanticipated Criminal History Category, the Court did not accept the Government's sentencing recommendation and instead sentenced Petitioner to a term of one hundred fifty one (151) months of imprisonment, followed by a five (5) year term of supervised release (docket entry 268 in Cr. No. 05-018(CCC)). The Court dismissed the remaining count of the indictment, which

CIVIL 10-1909CCC                                              3

charged that Petitioner conspired to commit money laundering in violation of 18 U.S.C. §§1956(h), 1956(a)(1)(A)(I) and 1956(a)(1)(B)(I).

Petitioner appealed and on December 17, 2008, judgment was entered affirming his conviction.[1] No certiorari was filed from said judgment. Ramos-Negrón's petition for relief pursuant to section 2255 was filed on April 16, 2009 (docket entry 2).

II. DISCUSSION

In his Petition under 28 U.S.C. §2255, Petitioner raises a variety of claims of ineffective assistance of counsel.

1.    Counsel was ineffective for failing to challenge the indictment.

2.    Counsel was ineffective failing to object to the two (2) level enhancement for his supervisory role in the offense.

3.    Counsel was ineffective for failing to file an appeal.

4.    Counsel was ineffective for failing to argue in support of a term of imprison-ment of one hundred twenty (120) months.

5.    Counsel was ineffective for failing to allege and argue that the plea agreement was breached because he pled guilty to a sentencing range of one hundred eight to one hundred thirty five (108-135) months.

A.  Claims of ineffective assistance of counsel

To establish ineffective assistance of counsel Petitioner must show that:

      1.    His attorney's performance was deficient, and

      2.    The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

---

[1] United States v. Ramos-Negrón, Appeal No. 07-24125 (1st Cir. December 17, 2008).

CIVIL 10-1909CCC                                        4

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688.  Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.  To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

It is clear that a Petitioner is obligated to show that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687.  See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).  He must do this as to each particular instance for which he claims ineffective assistance of counsel.  Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992).  The "range of reasonable professional assistance" is quite wide.  See Strickland, 466 U.S. at 689.  Therefore the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Ineffective assistance of counsel for failing to allege the indictment was void.

In the present case, Petitioner alleges that counsel was ineffective because he failed to challenge the indictment as null and void for having charged a conspiracy that lasted more than five (5) years, which he claims triggered the statute of limitations period in 18 U.S.C. §3282.  Petitioner presents this claim without any type of supporting argument and thus, it is deemed waived.  Ineffective assistance of counsel claims raised in a perfunctory manner

CIVIL 10-1909CCC                                          5

in a section 2255 proceeding are deemed waived. Cody v. United States, 249 F. 3d 47, 53 n.6 (1st Cir. 2001). But even if the Court were to consider Petitioner's claim on its merits, it would be denied as he misreads §3582. In its pertinent part, §3582 provides: Except as otherwise provided by law, no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed. " 18 U.S.C. §3282 (emphasis added).

The Indictment against Ramos-Negrón and his five (5) associates was filed in this Court on December 1, 2005. It charged an offense occurring "no later than 1998, and ending on a date unknown, but not earlier than December 2005... (docket entry 2 in Cr. No. 05-0418(CCC)). Hence, the five (5) year statute of limitations period prescribed by §3282 did not affect the validity of the Indictment since the conspiracy was still ongoing at the time of the return of the Indictment. As there is no merit to Petitioner's claim, counsel was not ineffective for failing to raise this issue. Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (noting that counsel was under "no obligation" to raise meritless claims). Accordingly, Petitioner's claim of ineffective assistance of counsel for failing to allege the indictment was void fails.

Ineffective assistance of counsel for failing to object to the two (2) level enhancement for his supervisory role in the offense.

Petitioner also alleges that counsel was ineffective because he failed to object to the two (2) level enhancement for his supervisory role in the offense. However, it should be noted that Petitioner stipulated to this enhancement as part of his Plea Agreement (docket entry 210 in Cr. No. 05-0418(CCC), at page 4, paragraph 8(b)). Furthermore, in the Government's version of the facts, attached to the Agreement, Petitioner acknowledged that he was a leader and an owner of controlled substances distribution points (docket entry 210 in Cr. No. 05-0418(CCC), at page 11). Additionally, Petitioner himself, not counsel, affirmed this stipulation under oath at the change of plea hearing:

CIVIL 10-1909CCC                       6

     THE MAGISTRATE: Okay.  Mr. Ramos, AUSA Capó has made reference to the version of the facts included in your plea agreement that you have signed, and thereby incorporated into your plea agreement.  Do you believe that this version of the facts is accurate?

     MR. RAMOS-NEGRON: Yes.

(docket entry 211 in Crim. No. 05-0418(CCC), COP Tr. at page 28).

     Having established that Petitioner stipulated to the two (2) level enhancement for his supervisory role as part of his Plea Agreement, any objection by counsel to that enhancement would have been futile.  Therefore, Petitioner's claim of ineffective assistance of counsel for the failure to object to the two level enhancement for a supervisory role also fails.

     Ineffective assistance of counsel for failing to file an appeal

     Petitioner alleges that trial counsel was ineffective because he failed to file an appeal.  However, the record indicates that Petitioner did file an appeal.  On August 20, 2007, Petitioner filed a timely notice of appeal (docket entry 267 in Cr. No. 05-0418(CCC)).  Thereafter, on November 1, 2007, he requested from the Court of Appeals appointment of new counsel on appeal (Appeal D.E. 11/01/2007).[2]  The request was granted (Appeal D.E. 11/09/2007).  On December 17, 2008, judgment was entered by the Court of Appeals affirming his conviction (docket entry 284 in Cr. No. 05-0418(CCC)).  Therefore, Petitioner having actually filed an appeal which was duly considered and timely disposed, his claim of ineffective assistance of counsel for failure to appeal is plainly without merit.

     Ineffective assistance of counsel for failing to argue in support of a term of imprisonment of one hundred twenty (120) months, and for failing to allege that the plea

---

[2] Appeal D.E. is an abbreviation of appeal docket entry.

CIVIL 10-1909CCC                              7

agreement was breached because he pled guilty to a sentencing range of one hundred eight to one hundred thirty five (108-135) months

    Petitioner alleges that the plea agreement was breached because he pled guilty to what he expected would be a sentencing range of one hundred eight to one hundred thirty five (108-135) months and was sentenced to a term of imprisonment of one hundred fifty one (151) months. Petitioner avers that his trial counsel was ineffective because he failed to argue that the term of imprisonment imposed upon him breached his Plea Agreement. However, this particular claim was already addressed and disposed by the Court of Appeals on his direct appeal. In its analysis, the Court determined that "the plea agreement clearly established that the sentence was within the discretion of the trial court and that by signing the agreement, the appellant waived his right to appeal as long as the court accepted it and sentenced him according to its terms and conditions, which it did." (Docket entry 284 in Cr. No. 05-0418(CCC)). The Court determined that there was no error in the imposition of a term of one hundred fifty one (151) months, which was the lower end of the applicable guideline range. Petitioner is now renewing this adjudicated claim under an alleged ineffective assistance of counsel claim.

    Claims that were previously settled on direct appeal cannot be revisited through a collateral proceeding. Withrow v. Williams, 507 U.S. 680, 720-721 (1993). Section 2255 motions may not be used as vehicles to re-litigate issues that were raised on appeal, absent extraordinary circumstances such as an intervening change in the law or newly discovered evidence. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F. 3d 233, 240 (1st Cir. 1993). Since Petitioner adds nothing new to his previously resolved claim, recasting it as an ineffective assistance of counsel allegation also fails on its merits.

CIVIL 10-1909CCC                                           8

III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Angel Ramos-Negrón is not entitled to relief on the claims presented.  Accordingly, Petitioner Angel Ramos-Negrón's Motion under 28 U.S.C. §2255 (**docket entry 2**) is DENIED.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on April 29, 2011.

                                        S/CARMEN CONSUELO CEREZO
                                         United States District Judge